BEFORE THE SECOND DIVISION, FEBRUARY 17, 1944

**No. 49210.**—Protest 42903–K of Ingram & Co. (Los Angeles).

KINCHELOE, Judge: This suit involves the proper dutiable classification of certain merchandise imported from Sweden and invoiced as 556 rolls of "M. G. pure unribbed marble kraft paper" and 49 rolls of "M. G. pure marble kraft paper." According to the red-ink notations of the examiner on the invoices, the 556 rolls were returned by him as "wrapping paper with fancy effect produced with attachment," and the 49 rolls as "uncoated paper with fancy effect." Duty in each instance was assessed thereon by the collector at the rate of 4½ cents per pound, plus 10 percent ad valorem, under the provision of paragraph 1405 of the Tariff Act of 1930, reading:

\* \* \*; uncoated papers, including wrapping paper, with the surface or surfaces wholly or partly decorated or covered with a design, fancy effect, pattern, or character, except designs, fancy effects, patterns, or characters produced on a paper machine without attachments, or produced by lithographic process, 4½ cents per pound and 10 per centum ad valorem, \* \* \*.

Various claims for lower rates of duty are made in the protest, but at the hearing, however, counsel for the plaintiff relied solely on the claim that the merchandise is dutiable at only 20 percent ad valorem under paragraph 1409 of the Tariff Act of 1930, as modified by the trade agreement with Finland (T. D. 48554), namely, as sulphate wrapping paper not specially provided for.

The rate of duty on wrapping paper not specially provided for under said paragraph 1409 of the Tariff Act of 1930 is 30 percent ad valorem. The provisions of said trade agreement with Finland with reference thereto read as follows:

| Tariff Act of 1930 paragraph | Description of articles | Rate of duty |
|---|---|---|
| 1409 | Wrapping paper not specially provided for:<br>Sulphate_____<br>Other, except straw paper_____ | 20% ad val.<br>25% ad val. |

The contention of the plaintiff as disclosed by the record is: (1) that the term "decorated" as used in paragraph 1405 refers to processes applied to the paper after it has reached the stage of paper; (2) that the provision in paragraph 1405 relates to a class of paper known in the trade as "fancy or decorated papers," and

that the instant paper is not included therein; (3) that, even assuming this paper has a fancy effect, or that it is decorated or covered, the paper was nevertheless produced on a paper machine without attachments; (4) that any alleged fancy or decorative effect on the paper was produced while the merchandise was still in the stage of pulp, and not paper; and (5) that the attachments referred to in said paragraph 1405 are attachments which are placed on paper machines at a point where the merchandise has become paper, and that the fancy effect or decoration which is to be applied by such attachment is applied on the surface of an article which has already become paper.   (R. 3/4.)

A sample of the involved merchandise was introduced in evidence by the plaintiff and marked exhibit 1, in addition to various illustrative exhibits.

Two witnesses testified on behalf of the plaintiff, namely, Sidney S. Rogers, and Donald Ingram, head of the Ingram Paper Co., the plaintiff herein.   Plaintiff also introduced in evidence the deposition of one Karl Gustav Rud, of Göteborg, Sweden, taken by commission, which was marked in evidence as exhibit 2.

The Government, on its part, has put in evidence depositions of five witnesses taken by commission at various parts of the United States upon interrogatories propounded by the defendant and cross-interrogatories propounded by plaintiff, namely: (1) Lyman Beeman, operating manager of the St. Regis Paper Co., Deferiet, N. Y.; (2) Chas. Robert Walker, general supervisor of the manufacturing and sales of the Fox Paper Co., Lockland, Ohio; (3) C. R. Seaborne, vice president in charge of manufacturing, of the Thilmany Pulp & Paper Co., Kaukauna, Wis.; (4) P. B. Borlew, chemical engineer in the employ of the Nekoosa-Edwards Paper Co., Port Edwards, Wis.; (5) Arthur Schroeder, president of the Pejepscot Paper Co., New York.   The said commissions, with the accompanying depositions, have been marked exhibits 3, 4, 5, 6, and 7, respectively.

Although we have carefully examined and considered all the testimony herein, in view of our conclusion we do not deem it necessary to go into any detailed discussion of same, except to say that the witnesses both for the plaintiff and the defendant are in agreement that the instant paper was made on a machine with two head-boxes or flow-boxes.   It is our opinion, on this record, that there are but two questions presented for our consideration:

First, whether this paper, being manufactured on a machine with two head-boxes, was manufactured on a paper machine with attachments, as contemplated by Congress in the enactment of paragraph 1405 of the Tariff Act of 1930.

Second, whether the merchandise is paper with the surface or surfaces thereof wholly or partly decorated or covered with a design, fancy effect, pattern, or character under said paragraph 1405, and, if so, was it made on a machine with or without attachments?   If it has a "fancy effect," or is otherwise decorated or covered with a design, pattern, or character, and was made on a paper machine with attachments, then the classification of the collector must be sustained.   If it has a "fancy effect," etc., but made on a paper machine without attachments, then the classification of the collector is wrong; or, if it has no "fancy effect," etc., even if made on a machine with attachments, the classification of the collector is still wrong.

We do not deem it necessary to pass upon the first question raised, since we must hold that the plaintiff has not produced sufficient evidence to overcome the presumption of correctness of the action of the collector in the classification of the merchandise.

The protest is therefore overruled.   Judgment will be rendered accordingly.